```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                                          :
RON MEYER,                                                :
                                                          :
                              Plaintiff,                  :
                                                          :       20-CV-3536 (VSB)
                -against-                                 :
                                                          :              ORDER
SUSAN SEIDEL et al.,                                      :
                                                          :
                              Defendants.                 :
                                                          :
--------------------------------------------------------- X
```

VERNON S. BRODERICK, United States District Judge:

Pending before me are the motions to dismiss filed by Jaime Frankfurt ("Frankfurt"), (Doc. 44), and Susan Seidel and Susan Seidel Inc. (the "Seidel Defendants"), (Doc. 47), as well as the motion to quash a subpoena filed by non-party Julian Weissman, (Doc. 58).

It is "well-settled doctrine that a court must satisfy itself that it has subject matter jurisdiction and may at any time in the course of litigation consider whether such jurisdiction exists." *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006). When subject-matter jurisdiction is predicated on diversity jurisdiction, *see* 28 U.S.C. § 1332(a), "complete diversity of all parties is an absolute, bright-line prerequisite to federal subject matter jurisdiction," *Pa. Pub. Sch. Emples. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 119 (2d Cir. 2019).

This case was removed to federal court on the basis of diversity citizenship. (Doc. 1.) Here, the parties agree that Plaintiff is a California resident and that the Seidel Defendants are New York residents. However, there is some confusion as to Frankfurt's citizenship. Plaintiff's Complaint alleges that Frankfurt "was and is a resident of California." (Doc. 1-1, at 2.) In

subsequent briefing to the Central District of California, where this case was first removed, Plaintiff stated that Frankfurt "at all relevant times" was "a California resident," and acknowledged that the Seidel Defendants removed the case "apparently based on the assertion that Frankfurt, although a citizen of California at the time of all the events in issue, had subsequently moved to New York." (Doc. 33, at 3, 5.) Plaintiff's filings do not make clear Plaintiff's position on Frankfurt's citizenship at the time he brought his lawsuit and today.

Defendants argue that "Frankfurt is a New York citizen" and has been "since 2012," predating the time of this lawsuit. (Doc. 1 ¶¶ 11–12.) In another filing, Frankfurt testifies that he is a "resident of New York, New York, and [has] lived in the State of New York since at least 2003." (Doc. 30-2 ¶ 2.)

In light of the uncertainty created by these representations, it is hereby:

ORDERED that the parties directed to submit a joint filing on or before July 19, 2021. This filing should detail the parties' respective positions on the following questions: (1) Frankfurt's citizenship at the time this lawsuit was filed; (2) Frankfurt's current citizenship; (3) Frankfurt's citizenship at all times between the filing of the lawsuit and today; and (4) the date or year that Frankfurt moved from California to New York, if he indeed moved to New York at all. To the extent necessary, and especially if the parties disagree as to the first three questions, the parties can submit exhibits for my review. If either or both parties contend that Frankfurt was a California citizen at the time this lawsuit was filed, the parties are directed to address what impact, if any, that should have on subject-matter jurisdiction in light of *Caterpillar Inc. v. Lewis*, 591 U.S. 61 (1996) and *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567 (2004).

IT IS FURTHER ORDERED that the two motions to dismiss, (Docs. 44, 47), and the motion to quash, (Doc. 58), currently pending before me, are held in abeyance pending

resolution of the jurisdictional question.

SO ORDERED.

Dated: July 14, 2021
      New York, New York

                                                      Vernon S. Broderick
                                                     United States District Judge